Good morning, Your Honors. Gretchen Fuselier on behalf of the appellant, Mr. Dowdell, if it please the Court. I would like to also reserve two minutes for any rebuttal. Our position is that the plea entered by Mr. Dowdell was involuntarily and unknowingly admitted and entered. The basis of our argument is that Rule 11 indicates that there has to be an explanation of the nature of the offense to the facts and the law. Or there should be an explanation of the law to the facts, excuse me. And what was the offense? The offense was, that he pledged to, was a RICO conspiracy. And is it your argument that the Court did not adequately explain the elements of a RICO conspiracy? That's correct, Your Honor. And if we look at the excerpts of record, we will see that it actually indicates that there is a conspiracy within the RICO conspiracy. And the conspiracy within that conspiracy, which the government's plea agreement that was drafted, indicates that Mr. Dowdell was aware of that underlying conspiracy, which was to murder the target victim, A.T. What was the deficiency in the district court's explanation of the RICO conspiracy charge? Our position is, contrary to the government, that the district court had the obligation under Rule 11, which is supported by several of the cases cited in our reply brief to the government's argument, to do more than just generically advise Mr. Dowdell that the conspiracy included murder under California Penal Code Sections 182 and 187, the California Penal Code Sections referring to both conspiracy and murder. So if we look at those cases... What more should the court have done? If we look at those cases, the court should have explained the elements of the predicate offense of murder, the malice involved, and the requisite intent that Mr. Dowdell had to possess in order to enter a voluntary plea to the conspiracy to murder Dowdell. But hasn't the Supreme Court said that after explanation of the critical elements of the defendant understands the nature of the charges, what is it about a conspiracy to attempt murder that would be unclear to a defendant? Well, what would be unclear, as we cited in our reply brief, is Rule 11 requires that the predicate offense be both chargeable and punishable under the state for which it is brought. And in this offense, it would be under California law, the requirement would be that for a conspiracy, he had to agree to both the killing and he had to have the exact specific intent, whether it be implied or expressed. Mr. Dowdell, which he indicated in his motion to remove his then-trial attorney, that he had not had time to read the plea agreement. He had no information about the... Let me stop you there for a second. There's two plea agreements in this case, right? Well, there seems from the transcript at the motion to relieve counsel that there may have been more because there was an extended period of time of negotiating. But at least there are at least two that are signed and filed. There are at least two, yes. And over the course of that time, he certainly would have had at least an opportunity to inquire of his attorney, I think over the course of maybe 30 to 45 days, at least maybe 60, what these aspects in particular, the fact section of the plea agreement meant. So why wouldn't the court in some sense be invading what would really be the responsibility of the attorney in terms of explaining these nuanced aspects of a predicate offense of a RICO claim? Well, as this circuit court has held in United States v. Pena, which we have cited at pages 1156 and 1157, outside conversations by counsel representing the defendant is not a substitute for the in-court colloquy that is required under... My problem with your argument, and it's similar to what Judge Bowen alluded to earlier, is in this case, the district court advised or the AUSA advised the defendant of the elements of the RICO conspiracy. And I can certainly imagine a situation where the predicate offenses are so complex that in order to truly ensure that the defendant understands the nature of the charges, that you might have to go beyond that. But in this case, it's murder, pretty much as straightforward of a serious state court offense as you can get. So what else could the district court have said? What would you have the district court say? Drill down to the predicate offenses and then talk about the murder that you have to have intended to kill someone. So it's that type of colloquy that you're contending the district court must have engaged in to satisfy the requirements of Rule 11? Yes, and that is consistent with what the cases in the 11th Circuit, which we cited, and the Third Circuit cases indicate. So you're asking us to reach out beyond our precedent then? Because there's nothing in the Ninth Circuit that requires that. Well, in the Ninth Circuit, there is the requirement that outside conversations by counsel to his client is no substitute for a thorough explanation by the court of the elements of the predicate offense for a RICO conspiracy. Right. So the government, as part of the proceedings, said that it was required to prove that Dowdell conspired to unlawfully and unintentionally kill with malice aforethought, A.T., in violation of California Penal Code Sections 182 and 187. You don't think that was sufficient? No, Your Honor. I don't think that was sufficient because Mr. Dowdell, there was no indication that even his attorney in outside conversations explains to him what California Penal Code Sections 182 and 187 required for a conviction. And as the Barbado case indicated, citing, which I cited at page 10 of our briefs, United States v. Cariola, which is a Second Circuit case, it indicates that in order to achieve the both chargeable and punishable elements of a Rule 11 objective, to be chargeable, you have to have probable cause to believe that the act was in violation. Did you raise this Rule 11 argument below? Are we on plain error review here? There was a motion to withdraw, and there was not an artfully presented motion to, well, there was a motion to withdraw his guilty plea. Well, not artfully presented, but did you make this argument below? Well, I was not. On the elements of the offense? I was not his counsel below. However, counsel below did represent as part of the motion to withdraw the plea that he has persisted in his innocence in relationship to this particular charge, and that there having a conversation was a plea agreement entered into. But there wasn't the argument that the district court failed to comply with Rule 11 by inadequately advising him of the elements of the RICO charge, right? Of the state portion of the RICO charge. That was not actually raised specifically by his trial attorney. May I ask you one other thing? The Barbado case that you referred to, that's a district court case from West Virginia, right? That's correct, Your Honor. All right. And the reason I cited it is because it extensively discusses the Bargerich case, which was cited in the same district by the government. Okay. And this further explained why it is illogical or unconstitutional to really adopt the Bargerich opinion. All right, thank you. Thank you. Good morning, Your Honors. May it please the Court. Jenny Wang on behalf of the United States. I want to point out that the argument the defendant raises on appeal here is not the same argument that he raised below in his motion to withdraw his plea agreement. That's why we would be on plain error review, right? You're right, Your Honor. We are on plain error review because the argument that his counsel made with respect to the motion to withdraw the plea agreement was an issue with the plea agreement itself and the fact that there was an amended plea agreement. In fact, there was an allegation that there was a hidden language with respect to the conspiracy to murder A.T. Now, on appeal, defendant is raising the argument that the Rule 11 colloquy was insufficient and it was not. I want to address the defendant's cases that he cites repeatedly. They are distinguishable from this case. What we have here, what defendant pled guilty to, was racketeering conspiracy, a 1962 D charge. The cases that defendant cites are substantive RICO cases or one VICAR, which is a violent crime in aid of racketeering. Both of those types of cases are distinguishable because they have as their elements the commission of one of those violent crimes. In contrast, the crime here, racketeering conspiracy, there is no overt act required and there's discussion of a conspiracy within a conspiracy. That actually isn't an accurate representation of what the conspiracy to murder A.T. entailed in this case. Are you saying, counsel, that actually the description that was given was actually accurate? The description of what? The description given by the AUSA at the district court level and in their plea agreement is actually accurate because it doesn't require anything other than what's stated in that to commit murder. Absolutely, your honor. The predicate offenses in a RICO conspiracy are there because defendant to be guilty of racketeering conspiracy has to agree to participate in the affairs of an enterprise through a pattern of racketeering. The way a pattern of racketeering is established is that there must be contemplated by the agreement two or more predicate acts with a threat of continuity that are related to each other. It's important to note that the Supreme Court has held that the agreement itself is the crime. No predicate acts need to be actually committed. Here, defendant actually did admit to and did conspire to murder A.T. but he was not required to in order to be guilty of racketeering conspiracy. The government has explained in its brief that it would actually have been error for to commit murder, which include an overt act, which include specific intent elements. To include those in an explanation of the crime that defendant actually pled guilty to, which does not require an overt act, would have confused the issue. In fact, the reason this was raised in the first place was that with respect to the amended plea agreement, the government realized that the defendant had, as part of his original plea agreement, agreed that because conspiracy to commit murder was contemplated by the racketeering conspiracy, it raised the statutory maximum to life instead of 20. And that was the only difference, I'm sorry. No, go ahead. That was the only difference, right, between the two plea agreements. The language about the predicate offense actually wasn't changed, right? No, none of the language of the factual basis was changed. The elements didn't change except with the addition of the language that said that the statutory maximum raised for the apprendi purposes would have to prove beyond a reasonable doubt that contemplated by the racketeering conspiracy was the conspiracy to murder AT. And the language that the government used in both the plea agreement and at the Rule 11 colloquy was plain language. And that's well within the law of how predicate acts are incorporated into the RICO conspiracy statute. Their state law crimes are incorporated by generic designation. So if you say conspiracy to murder was part of the enterprise's activity, that is enough to put somebody on notice that agreeing to unlawfully or intentionally kill somebody, as the language of the plea agreement says, was enough to put Mr. Dowdell on notice that conspiracy to murder AT was part of what he was pleading guilty to. What case is this? I'm sorry? What case is this? The Begarrick case, United States v. Begarrick, cited by the government. I know that defense counsel mentioned Barbado, which is the southern district of West Virginia, district court case in that same district. But again, that's a separate case. Is there a case in the Ninth Circuit that says that? No, Your Honor. There's a dearth of law regarding RICO in the land. And so we look to the Seventh Circuit and the Second Circuit where the Ninth Circuit is silent on this. I will note, though, that there is no case cited by defendant that says that in order for a RICO conspiracy charge to be properly pled or even the jury instructions properly given to a jury, there are no cases cited by defendant, nor are there any that I am aware of, that say that you need to incorporate the elements of the state law crime into the elements of the racketeering charge in order for a defendant to be adequately advised or, for example, a jury to be adequately advised as to the law. Were you the AUFA consultant? I was one of them, Your Honor. And how many plea agreements were there? There were two signed. Okay, how many were there that were contemplated? I believe, I don't know for a fact, but given that there were only two signed, I think that there were only two formal written plea agreements sent over, both of which were signed. After the signature on the first plea agreement, that one of the Assistant United States Attorneys realized the possible apprendee error because the first plea agreement had a statutory maximum 20 years and three years supervised release. And I will note that, importantly, the sentencing guidelines agreed to by both of the parties in both of the plea agreements was 33. It cites the sentencing guidelines provision for conspiracy to commit murder as the basis for the level 33 guidelines offense level. And so that didn't change from the first plea agreement to the second one. But the factual basis remained the same. The offense level remained the same. Exactly. And the substantive change was really in the maximum sentence exposure? Yes, the statutory maximum sentences went from 20 years to life, and then the supervised release provision went from three years to five years. I'll also note that, as far as plain error review goes, the defendant can't show that he would have done anything different had he been advised of what malice aforethought meant or the overt acts required in California state conspiracy to commit murder. Based upon this record, how long, in your understanding of the negotiation, how long would the defendant's counsel have been aware of the fact that that would have been the that was a predicate offense that would have been part of the plea agreement? It's not clear to me because I know the defense counsel had said that there was I couldn't find on the record how long that process occurred in terms of the defendant being on notice of this being the predicate offense. I think Your Honor can take from the record that it was there from the very beginning. Even the original plea agreement contemplated How long would that be? I don't have offhand. A year or six months? It was probably less than six months, the dates of the plea agreement. From the very first plea agreement, it included the conspiracy to commit murder in the factual basis that the defendant admitted to. He admitted that he agreed with somebody else that he had to take care of Nemo, AT, and he agreed that that meant to kill him. And he agreed to the level 33 base offense level. Was the conspiracy to commit murder one of the predicate acts charged in the indictment? It is one of the overt acts in the indictment, yes. And so in this case, it might be confusing because while it is not necessary for the defendant to be guilty of the racketeering conspiracy charge, he did in fact conspire to kill AT. So that is why that forms the basis of the racketeering activity that the defendant contemplated in his racketeering conspiracy conviction. So the indictment actually made specific reference to murder as a predicate offense? Yes, it references the wiretap phone calls in which the defendant said that AT needed to be taken care of. And so the defendant was well aware that this could... And the defendant was also charged in the indictment in count nine with the VICAR, the violent crime in aid of racketeering, for the conspiracy to commit murder of AT. He didn't plead guilty to it, but that was part of what put the defendant on notice that these acts formed the basis of the pattern of racketeering. All right. Thank you, Count. Rebuttal? Yes, thank you. Just briefly to say that the government has not cited a Ninth Circuit case for the proposition that it believes, or is arguing, is the correct Rule 11 advisement colloquy. However, we have cited several persuasive authorities from various districts which indicate that in order to carry out the principle of Rule 11 and the U.S. Supreme Court case of McCarthy, there must be an indication of the elements of the predicate offense. I would also indicate the inquiry of what might have Mr. Dowdell have done differently. Well, if we look at the May 3rd sealed portion of the transcript where he brings a motion to replace his then trial attorney, he indicates that at least the last iteration of the plea agreement was presented to him, and he had until 5 o'clock that day to sign it. When he spoke at the hearings to relieve his attorney, his attorney confirmed that even the attorney was surprised that he had signed it rather than proceed to trial. Right, but that agreement didn't change anything except for noting the increased maximums, right? So it's not as if it added the attempt to murder language, right? That was in the agreement that was signed 30 days prior and filed, right? Yes, but if you look at the transcript from the motion to change attorneys, we don't know if it was the attorney who delivered the previous one or the investigator because the attorney was unsure at the hearing. He said that maybe his investigator had met with him. That certainly would not comply with any kind of reasonable notice to Mr. Dowdell. All right, thank you, counsel. Thank you very much. Thank you to both counsel. The case just argued is submitted for a decision by the court.
judges: Boulware, Rawlinson, Nguyen